**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Troy WATTS, also known as T–
Dove, Defendant–Appellant.**

**No. 03–31176.
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 21, 2004.

John R. Morello, Assistant U.S. Attorney, STephen A. Higginson, Assistant U.S.

---

Attorney, Matthew M. Coman, New Orleans, LA, for Plaintiff–Appellee.

Robin Elise Schulberg, George Chaney, Jr., New Orleans, LA, for Defendant–Appellant.

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM: *

Troy Watts appeals his 48–month sentence following the revocation of his supervised release term relating to Watts's 1997 guilty-plea conviction for conspiracy to distribute cocaine. Citing *United States v. Doggett*, 230 F.3d 160, 164–65 (5th Cir. 2000), and for the first time on appeal, Watts contends that his revocation sentence was unlawfully imposed. Specifically, Watts asserts that, because his superseding indictment failed to allege a specific drug quantity, his underlying drug conspiracy conviction carried a 20–year maximum sentence pursuant to 21 U.S.C. § 841(b)(1)(C), thereby rendering it a Class C felony under 18 U.S.C. § 3559(a)(3). Watts maintains that his revocation sentence could not exceed two years pursuant to 18 U.S.C. § 3583(e)(3). Watts secondarily argues that, assuming his case is remanded for resentencing, any additionally imposed supervised release term would result in an *ex post facto* violation.

Watts neither directly appealed from, nor sought collateral review of, his underlying conviction and sentence. He may not do so on appeal from the revocation of supervised release. *See United States v.*

*Moody*, 277 F.3d 719, 720–21 (5th Cir. 2001).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.